# IN RE WARREN.*

PATENTS; PATENTABILITY; ANTICIPATION.

A paper lining for a box, cut in the shape of a cross and creased at the
    junction of the arms, to which are attached lace-work ornamentation,
    is anticipated by a patent for a similar lining which differs only in
    having no lace-work ornamentation, and in being provided with over-
    lapping joints, and by patents for similar linings disclosing the lace-
    work ornamentation.

No. 429.  Patent Appeals.  Submitted January 15, 1908.  Decided Febru-
ary 4, 1908.

HEARING on an appeal from a decision of the Commissioner
of Patents rejecting an application for a patent.  *Affirmed.*

The facts are stated in the opinion.

*Messrs. Macleod, Calver, Copeland, & Dike,* and *Mr. George
P. Dike* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from the refusal of the Commissioner of
Patents to issue Letters Patent to Peter R. Warren upon an
alleged paper "Liner" for boxes as described in the following
counts:

---

*Patents—Anticipation.*—As to anticipation of patents, see authorities
gathered in notes to *Leggett* v. *Standard Oil Co.* 37 L. ed. U. S. 737; *Wol-
lensak* v. *Sargent & Co.* 38 L. ed. U. S. 138, and *Dashiell* v. *Grosvenor,* 40
L. ed. U. S. 1025.

"A folding, removable box liner, of thin paper, and comprising a bottom portion, the outlines of which are defined by creases so that said bottom portion conforms in shape and size to the bottom of the box to be lined, and side and end flaps connected with said bottom portion at the lines defined by said creases, and which side and end flaps are of suitable shape and size to line the sides and ends of the box and to fold down at their ends or tops over the top of the contents of the box when the latter is filled.

"A folding, removable box liner, of thin paper, and comprising a bottom portion, the outlines of which are defined by creases so that said bottom portion conforms in shape and size to the bottom of the box to be lined, and side and end flaps connected with said bottom portion at the lines defined by said creases, and which side and end flaps are of suitable shape and size to line the sides and ends of the box and to fold down at their ends or tops over the top of the contents of the box when the latter is filled, the folding down ends or tops of the said side flaps consisting of lace-work material.

"A folding, removable box liner, of thin paper, and comprising a bottom portion, the outlines of which are defined by creases so that said bottom portion conforms in shape and size to the bottom of the box to be lined, and side and end flaps connected with said bottom portion at the lines defined by said creases, and which side and end flaps are of suitable shape and size to line the sides and ends of the box and to fold down at their ends or tops over the top of the contents of the box when the latter is filled, the folding down ends or tops of the said side and end flaps consisting of lace-work material."

Count 1 was abandoned in the argument at bar. The application was rejected because, in the opinion of the tribunals of the Patent Office, the liner does not involve patentable novelty in view of the prior art as disclosed by the following references:

Backas, May 29, 1877, No. 19,276; White, May 29, 1888, No. 383,606; Stout, Feb. 5, 1889, No. 397,446; Dumas, Jan.

26, 1892 No. 467,858; White, Aug. 7, 1894, No. 524,231; Beers, Jan. 29, 1901, No. 667,112; British patent No. 21,166, of 1897, Wilson.

The alleged invention, as may be gathered from an examination of the above counts, consists of a sheet of paper cut in the shape of a cross and creased at the junction of the arms, said arms having attached thereto lace-work ornamentation. This liner is folded and ready for use, and may be placed in the bottom of a folding box when the box is in a flat or knock-down condition. The folds corresponding to the sides of the box, it is only necessary to open the liner when it is desired to use it.

Counsel for appellant, in his brief, contends that "Warren's invention is to be found in his idea of attaching the lace-work ornamentation to the liner, instead of to the box, and folding the parts so that the lace-work is protected."

The patent to White of August 7, 1894, No. 524,231, discloses a liner for boxes. This liner is also made of a single piece of paper, but is made for a box which tapers inwardly from top to bottom, or, in other words, which flares at the top. Owing to this fact, the liner has to be cut more in the shape of a Maltese than a Greek cross. In his specifications White says: "It consists in providing a packing box with a lining consisting of a single piece of parchment paper which is of such configuration that it will provide a complete envelope or integument for the article placed in the box, a double thickness of paper being provided where there are joints. * * * In use the lining is placed in the box so that the flared portions on the ends and sides of the same will overlap the joints, thus providing at the corners of the box a double thickness of the lining, the butter may be then placed in the box, and the upper part of the same covered by the extensions of the end and side portions of the lining. The overlapping portions of the lining thoroughly prevent the butter coming in contact with the wood at the corners of the box." Aside from the lace-work ornamentation, there is no difference between White's liner and appellant's, except that White has provided overlapping joints. In

a butter box these were necessary, while in a candy box they would not be. To be sure, it does not appear that White's liner is creased, but it does appear that it is marked by dotted lines so that, when the liner is placed in the box, the folds or bends in the paper come on the dotted lines.

There is nothing new in the idea of providing lace-work ornamentation, as that idea is fully disclosed in the White patent of May 29, 1888, No. 383,606, and in the patent to Stout a year lated. Count 3 in Stout's application is for "a liner for boxes in one piece, having a central opening bordered with lace-work, substantially as described." In this patent, however, the lace-work is attached to the sides of the box, the liner not being a removable one.

By consulting the specifications and drawings in the cited references, and having in mind the use to which the new liner was to be put, anyone possessing any skill would have no difficulty in producing the liner for which a patent is claimed. The White patent of 1894 fully discloses the idea of a one-piece liner, while the White patent of 1888 and the Stout patent of the following year fully disclose the idea of lace-work ornamentation. We see no merit in the contention of appellant that his liner is so folded as to protect the ornamentation. Obviously such protection cannot result when the ornamentation is attached to more than two sides of the liner, since protection is secured by resorting to the obvious expedient of first folding the sides containing the lace-work, and folding thereon the other two sides.

The decision of the Commissioner was right, and is therefore affirmed. The clerk of the court will certify this opinion and the proceedings in this court to the Commissioner of Patents according to law.                    *Affirmed,*